

# The Attorney General of Texas

December 27, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jay T. Kimbrough
Bee County Attorney
Room #204, Courthouse
Beeville, Texas    78102

Opinion No. JM-274

Re:  Whether  the  Bee  County
Community Action  Agency  may
receive  interest  free  loans
from a bank which is a depos-
itory for Bee County

Dear Mr. Kimbrough:

You   ask   whether   the   Bee   County   Community   Action   Agency
[hereinafter Agency] may receive an interest-free loan from a bank
which  is  a  depository  for  Bee  County.   Apparently,  the  bank  in
question gives the Agency interest-free loans based on the county's
credit with the bank.  You refer to the Agency as a not-for-profit
agency  but  indicate  that  it  is  organized  by  the  Bee  County
Commissioners Court and funded through various government programs.
Regardless  of  whether  the  county  is  even  authorized  to  organize  this
Agency, we conclude that such an Agency cannot receive interest-free
loans in the instances described herein.

The  basis  for  this  conclusion  differs  according  to  whether  the
Agency is an independent entity or whether it is an "extension" of the
county.   Because  it  is  unclear  which  type  of  entity  is  presently  in
question, each deserves analysis.

If  the  Agency  in  question  is  an  "extension"  of  the  county,  it
cannot receive interest-free loans because the county itself cannot
receive  such  loans.   An  agency  or  arm  of  a  local  governmental  entity
has  no  greater  power  than  the  local  governmental  entity  which  creates
the agency.  Attorney General Opinion JM-220 (1984).  Counties possess
only the powers expressly or by necessary implication authorized by
the  Texas  Constitution  or  statutes.   Canales  v.  Laughlin,  214  S.W.2d
451  (Tex.  1948).   Counties  lack  authority  to  borrow  money  except
through  the  issuance  of  bonds,  certificates  of  obligation,  or  other
forms  of  indebtedness  which  are  specifically  authorized  by  law.   See
Tex.  Const.  art.  XI,  §7;  Brown  v.  Jefferson  County,  406  S.W.2d  185
(Tex.  1966);  see  also  Tex.  Const.  art.  III,  §52-b;  art.  VIII,  §9
(because  counties  are  limited  in  property  taxes  they  may  levy,  their
power  to  incur  debt  is  limited);  see  generally  V.T.C.S.  arts.  701  et
seq., 2368a.1; cf. V.T.C.S. arts. 1644c, 1644c-1.  Accordingly, the

Agency cannot receive interest-free loans from Bee County's depository bank.

If, on the other hand, the Agency is an independent not-for-profit legal entity with which the county merely contracts, e.g., for the delivery of certain authorized social services on an independent contract basis, then the Texas Constitution may prohibit the loans in question. If the Agency is a private, not-for-profit entity, and thus not connected to the county, it would be free to seek loans from any bank, subject to legal limitations applicable to not-for-profit corporations and associations which are not in issue here. Apparently, the bank in question gives the Agency interest-free loans based on the county's credit with the bank. If the county acts, in this manner, as a guarantor or surety for these loans, the Texas Constitution prevents counties from lending their credit to any individual, association, or corporation. Art. III, §52(a).

Article III, section 52(a) provides that

> Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company. (Emphasis added).

See also Tex. Const. art. XI, §§3,7.

The Texas Constitution prohibits the use by a political subdivision of its public funds or credit for private purposes. State v. City of Austin, 331 S.W.2d 737 (Tex. 1960). No fixed rule delineates exactly what constitutes a public purpose. Nevertheless, the prohibition of article III, section 52, extends to private, not-for-profit organizations. See Attorney General Opinions MW-329 (1981); V-173 (1947).

Consequently, although the county may occasionally contract with a private entity to deliver certain services which the county is specifically authorized to provide, a county may not make an unconditional grant of its credit to a private entity. See Attorney General Opinion H-1189 (1978). An incidental benefit to a private person or entity is not prohibited. Attorney General Opinions JM-220 (1984); MW-423 (1982); see Barrington v. Cokinos, 338 S.W.2d 133 (Tex. 1960). Virtual donations are prohibited. Attorney General Opinion JM-65 (1983). Any lending of credit must be intended to accomplish an authorized county purpose and must be accompanied by conditions to

ensure the use of county credit for a public purpose. See Attorney General Opinions JM-220 (1984); JM-103 (1983); MW-423 (1982); MW-60 (1979).

## S U M M A R Y

If the Bee County Community Action Agency is an "extension" of Bee County, it cannot receive interest-free loans from a bank which is a depository for Bee County. If, on the other hand, the Agency is an independent, private, legal entity, any lending of county credit as a guarantor or surety on loans to the Agency on an independent contract basis must be for an authorized county purpose and must have conditions attached to ensure the accomplishment of that county purpose.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs